UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TYMESHA M. WATKINS,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 5:23-cv-1266-LCB |
| | ) |
| **LANIER LAKES HOMEOWNERS ASSOCIATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION & ORDER

Tymesha Watkins, proceeding pro se, filed a complaint alleging that her homeowners' association, a property management company, several members of the homeowners' association board, and two previous tenants violated a bevy of federal statutes including the Fair Housing Act, Title VI of the Civil Rights Act of 1964, the Violence Against Women Act, and at least two additional state statutes. (Doc. 1). She amended her complaint on December 8, 2023, but included only the homeowners' association as a defendant. (Doc. 5). Accordingly, the Court terminated the other defendants as parties.

After the remaining Defendant, Lanier Lakes Homeowners Association, Inc., ("the HOA"), filed a motion to dismiss, Watkins moved for leave to amend, which the Court granted. She filed the operative complaint on September 14,

2024, and the HOA again moved to dismiss. (Doc. 30). For the reasons explained below, the motion is due to be granted.

## I. Watkins's Allegations

Watkins purports to raise five claims in her second amended complaint. The first count, entitled "The Defendant mismanaged funds," alleges that the HOA violated a state statute by assessing various penalties and late fees related to her property without following proper procedures. Watkins also attempts to raise a breach-of-fiduciary-duty claim, a Fair Debt Collections Practice Act claim, a claim labeled, "Fair Housing Act Concerns," and a bad faith claim. As with her first claim, the remaining four claims also arise from her allegations regarding the penalties, late fees, and resulting liens.

## II. Watkins's complaint is due to be dismissed because she failed to respond to the HOA's motion to dismiss.

First and foremost, the HOA's motion to dismiss is due to be granted because Watkins failed to respond to it. Instead, she filed a motion for entry of default judgment in which she erroneously asserted that the HOA "failed to answer or otherwise defend" against her complaint. (Doc. 31 at 1). The present motion clearly refutes that claim. Watkins also filed a document entitled "Fraudulent Paperwork Filed and Stay Request" in which she alleged that a "fraudulent Alias Summons was filed" and that she notified the HOA that it was sending "responses" to the wrong address. (Doc. 33). It's unclear what summons and responses

2

Watkins is referring to. The Court does not find either of these filings to constitute a response to the motion to dismiss because neither filing remotely addresses any of the HOA's grounds for dismissal.

The Court is mindful that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The principle underlying this liberal construction is "to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, such "leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds* (internal citations omitted). Moreover, "a litigant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. United States Marine Corp.*, 398 Fed. Appx. 532, 535 (11th Cir. 2010) (per curiam) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

Pursuant to this Court's initial order entered on August 14, 2024, a party's "[f]ailure to respond to a motion within twenty-one days will be construed as non-opposition to the motion." (Doc. 19 at 10). Thus, dismissal is warranted on that basis alone.

## III. Watkins's claim is due to be dismissed pursuant to the doctrine of res judicata.

Even if the Court ignores Watkins's failure to respond, the HOA's motion would still be granted pursuant to the principles of res judicata. The United States Court of Appeals for the Eleventh Circuit has explained that "[t]he doctrine of res judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). As in her original complaint, Watkins has alleged several grievances with the HOA. Specifically, she contends that the HOA mismanaged funds, breached its fiduciary duty, violated the Fair Debt Collection Practices Act, violated the Fair Housing Act, and acted in bad faith. (Doc. 28 at 2-7). But each of Watkins's allegations share a common thread: they take issue with various monetary assessments, related penalties, and resulting liens on her property.

The problem for Watkins is that her opportunity to challenge these assessments and late fees has come and gone. On February 9, 2018, the HOA sued

4

Watkins in the Small Claims Court of Madison County, Alabama.<sup>1</sup> (Doc. 30 at 13-15). In its complaint, the HOA alleged in pertinent part that Watkins failed to pay an agreed-upon general assessment in the amount of $300. The HOA also alleged that Watkins owed $300 in late fees and $751.25 in attorney's fees and costs for a total of $1,351.25.

The small claims court entered default judgment in favor of the HOA and against Watkins on April 10, 2018. (Doc. 30 at 63). In its order, the court found that Watkins "was duly served with the summons and complaint and, not being an infant or an unrepresented incompetent person … failed to plead or otherwise defend the action." *Id*. It does not appear that Watkins attempted to appeal or otherwise challenge the default judgment. Thus, any claims or arguments Watkins had relating to these challenged assessments could have been, but were not, addressed in that action.

The Eleventh Circuit has held that when "asked to give res judicata effect to a state court judgment, [we] must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F. 2d 1486, 1509 (11th Cir.1985) (quotation omitted).

---

<sup>1</sup> "Federal Rule of Evidence 201 permits a court to 'judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Fed. R. Evid. 201(b)(2). *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F. 3d 649, 651 (11th Cir. 2020). Records from a state court proceeding meet this requirement. The Court hereby takes judicial notice of *Lanier Lakes Homeowners Association, Inc. v. Tymesha Watkins*, case number 47-SM-2018-900581.00, from the Small Claims Court of Madison County, Alabama.

5

Because the HOA contends that an Alabama judgment bars this action, the res judicata principles of Alabama apply. Under Alabama law, "the essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala.1998). If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation. *Id*.

The first three elements are clearly met. The Alabama Supreme Court has held that "a default judgment constitutes a 'prior judgment on the merits' for purposes of res judicata." *Phillips v. Montoya*, 253 So. 3d 438, 441 (Ala. Civ. App. 2017), citing *McDonald v. U.S. Die Casting & Dev. Co.*, 628 So.2d 433, 433–34 (Ala. 1993). Regarding the second element, the small claims court was one of competent jurisdiction to hear a dispute over $1,351.25. *See* Ala. Code § 12-12-31(a) ("The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed six thousand dollars ($6,000). These actions shall be placed on a small claims docket by each district court…."). As to the third element, the parties in each action are identical.

6

The Court also finds that the same cause of action was presented in both cases. The Eleventh Circuit has noted:

> Alabama uses the "substantial evidence" test to determine whether two causes of action are the same for res judicata purposes. [*Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 637 (Ala.1998)]. Under this test, res judicata applies when the same evidence substantially supports both actions. *Id*. As the Supreme Court of Alabama has explained:
>
>> [i]t is well-settled that the principal test for comparing causes of action for the application of res judicata is whether the primary right and duty or wrong are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.

*Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308–09 (11th Cir. 2006) (internal citations omitted). All of Watkins's claims in the present case arise out of the same nucleus of operative facts, i.e., her alleged violations of the HOA's declarations and the resulting assessments, late fees, attorney's fees, court costs, and liens against her property. Watkins could have litigated these issues in the small claims court action but failed to do so. Accordingly, her claims in the present case are barred by the doctrine of res judicata and are due to be dismissed.

## IV. Conclusion

For the foregoing reasons, the HOA's motion to dismiss (Doc. 30) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. A separate, final judgment will be entered.

**DONE** and **ORDERED** August 18, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE